THE PEOPLE, PLAINTIFFS IN ERROR, *v.* PATRICK TIGHE, DEFENDANT IN ERROR.

*Liquor licenses* — §§ 25 and 26 of chap. 628 of 1857 — § 4, chap. 549 of 1873 — conviction under latter act revokes license.

Sections 25 and 26 of chapter 628 of the Laws of 1857 (containing provisions for revoking and annulling licenses) are not superseded by section 4 of chapter 549 of 1873. The latter act gives only an additional remedy.

A conviction of a licensee under any of the provisions of the act of 1873, *ipso facto*, annuls his license.

WRIT of Error to the Court of Sessions in and for the county of Livingston.

The defendant was indicted by the grand jury of Livingston county, at a Court of Sessions held in said county, on the 11th day of September, 1874, for a violation of the excise law.

The indictment charges that the defendant, at the town of Avon, in said county, on the 15th day of June, in the year 1874, sold strong and spirituous liquors and wines, in quantities of less than five gallons, to divers citizens of this State; and it is in the usual form of an indictment for the violation of the excise law.

At a Court of Sessions held in and for said county, on the 18th day of December, 1874, the defendant was arraigned on said indictment and pleaded "not guilty." The issue so joined was tried before the said court and a jury duly impanneled. From the evidence it appeared that the defendant had obtained from the board of commissioners of excise of the village of Avon, where he resided, a license, commonly known as a store-keeper's license, to sell strong and spirituous liquors in the village of Avon, in quantities of less than five gallons at a time, not to be drank on his premises, for the term of one year.

It was proved and admitted on the trial, that on the 15th day of July, 1874, at the town of Avon, the defendant did sell strong and spirituous liquors in quantities less than five gallons at a time, but not to be drank on his premises. That the liquors so sold were carried off from the premises occupied by him. The sale proved and admitted was within the provisions of the license. To avoid the effect of the license, the district attorney offered and read in evidence a record of the conviction of the defendant for a violation of the excise law, by which record of conviction it appeared that the defendant was, at a Court of Sessions held at the court-house, in said county, on the 9th day of June, 1874, duly convicted by a verdict of a jury and by the judgment of the court, of the offense of selling strong and spirituous liquors, ale, wine and beer, in quantities of less than five gallons, to be drank in the house, shop or liquor store of the defendant, contrary to the provisions of the statute in such case made and provided. The district attorney insisted that by section 4 of chapter 549 of the Laws of 1873, the license which had been proved and offered in evidence, was by such conviction forfeited and annulled, and therefore that the sale admitted and proved was in violation of the law. The counsel for the defendant insisted and contended that the conviction of the defendant, in and of itself, did not annul and forfeit the license. That until the license was revoked by the judgment of some competent tribunal, it was in full force and effect, and justified the sales made by the defendant, as admitted and proved.

The court held that the conviction of the defendant as proved did not of itself forfeit and annul the license under which the defendant claimed the right to sell spirituous liquors.

The court also held that there was no question of fact for the jury, and directed the jury to render a verdict in favor of the defendant of "not guilty" of the offense charged in the indictment.

The question was brought before this court by writ of error.

*E. A. Nash,* district attorney, for the plaintiffs in error.

*James Wood,* for the defendant in error. Two statutes shall stand together and both have effect if possible, for the law does not favor repeals by implication ; and all acts *in pari materia* should be taken together as if they were one law. (*McCarter* v. *Orphan Asylum,*

9 Cow., 437.) Where two statutes are not plainly repugnant, unless in the one enacted some notice is taken of the other, indicating an intent to repeal it, it will not operate as a repeal of the other by implication, for the law does not favor. the repeal of statutes by implication. (*Bowen* v. *Lease*, 5 Hill, 221.) The repeal of a statute by implication is not favored. Unless the later statute is manifestly inconsistent with and repugnant to the former, both remain in force. (*Williams* v. *Potter*, 2 Barb., 316.) The construction of a statute, which construction repeals another statute, should be very clear, especially when the repeal seriously mars the harmony of a system. (*Hayes* v. *Symonds*, 9 Barb., 316.) The repeal of a statute by implication is not favored, but the courts are bound to uphold the prior law if the two acts may well subsist together. The rule of construction is, that the earliest act remains in force, unless the two acts are inconsistent with and repugnant to each other. (*Van Rensselaer* v. *Snyder*, 8 Barb., 302.) Where several statutes *in pari materia* are passed by the same legislature, they are to be taken and construed together. (*Stulls* v. *Hudson R. R. Co.*, 3 Keyes, 196; *Power* v. *Shepard*, 48 N. Y., 540.) The repeal of statutes by implication is not favored by the law; and when a later and former statute can stand together, both will stand, unless the former is expressly repealed, or the legislative attempt to repeal is very manifest. (*People* v. *Palmer*, 52 N. Y., 83.) The statute only operates as a repeal of a former one to the extent that the two are repugnant. (*Monegon* v. *People*, 55 N. Y., 713.)

GILBERT, J.:

It would not be a very unreasonable construction of the act of 1873 (chap. 549, § 4), to hold that it was intended to supersede the provision for revoking and annulling licenses, contained in sections 25 and 26 of the act of 1857. It is more probable, however, that the legislature intended to superadd to the provision for revoking licenses contained in the act of 1857, when violations of law have been brought to light in civil prosecutions, another remedy of a like effect to follow a conviction upon an indictment for a criminal offense. The meaning of an act cannot always be found in the technical signification of its phraseology. The framers of our statutes often use technical words in a popular sense. Although

the word "conviction" is used both in sections 25 and 26 of the act of 1857, and in section 4 of the act of 1873, yet, in the former sections, it is restricted to proceedings in a suit for a penalty, or upon a bond, while in the latter there is no such restriction. Both statutes, therefore, may well stand together. When a conviction or judgment has been obtained for a penalty, or upon a bond, the proceeding prescribed by sections 25 and 26 of the act of 1857 must be pursued. But when a licensee has been convicted upon the trial of an indictment for a criminal offense, no such proceeding is necessary. The conviction *ipso facto*, by the express words of the statute of 1873, operates to revoke and annul his license, and it can no longer afford him any justification or protection. The twenty-ninth section of the act of 1857, makes all offenses against the act misdemeanors, and prescribes the punishment therefor, and requires courts to instruct grand juries on the subject. The revocation of the license is a just addition to the punishment so prescribed, and well adapted to the case.

The judgment must be reversed, and a new trial ordered in the Court of Sessions of Livingston county.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed, new trial ordered, and record remitted to Court of Sessions of Livingston county.